Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, N.J. 07102
Telephone:  (973) 622-3333
Facsimile:  (973) 622-3349

John G. Froemming (jfroemming@jonesday.com)
Tracy A. Stitt (tastitt@jonesday.com)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, BMW OF NORTH AMERICA, LLC, ROLLS-ROYCE MOTOR CARS LIMITED, and ROLLS-ROYCE MOTOR CARS NA, LLC,<br><br>            Plaintiffs,<br><br>       v.<br><br>TURBOSQUID, INC.,<br><br>            Defendant. | Civil Action No.<br><br>**COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, DESIGN PATENT INFRINGEMENT, AND UNJUST ENRICHMENT**<br><br>JURY TRIAL DEMANDED<br><br>*DOCUMENT FILED ELECTRONICALLY* |

Plaintiffs Bayerische Motoren Werke AG, BMW of North America, LLC, Rolls-Royce

Motor Cars Limited, and Rolls-Royce Motor Cars NA, LLC (collectively, "Plaintiffs" or the

"BMW Group") seek injunctive and monetary relief from Defendant TurboSquid, Inc. for

trademark and trade dress infringement, unfair competition, design patent infringement, and

unjust enrichment.  As alleged more fully below, Defendant TurboSquid, Inc. has violated the

Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), the Patent

Act, 35 U.S.C. § 271, and New Jersey law through its marketing of 3-D virtual models of vehicles that infringe the BMW Group's trademark, trade dress, and design patent rights.

## Parties

1.      Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG.  BMW NA is the exclusive authorized distributor of "BMW" automotive and related products in the United States.

2.      Plaintiff Bayerische Motoren Werke AG ("BMW AG") is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany.  BMW AG designs and manufactures motor vehicles, parts, and other accessories for sale in Europe and for export and sale throughout the world.

3.      Plaintiff Rolls-Royce Motor Cars Limited is a company organized under the laws of England with its principal place of business at Summit One, Summit Avenue, Farnborough, Hampshire GU140FB.  Rolls-Royce Motor Cars Limited is a subsidiary of BMW AG and distributes Rolls-Royce vehicles to Rolls-Royce Motor Cars NA, LLC.

4.      Plaintiff Rolls-Royce Motor Cars NA, LLC is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  Rolls-Royce Motor Cars NA, LLC is an indirect, wholly owned subsidiary of BMW AG and is responsible for the wholesale distribution of Rolls-Royce vehicles throughout the United States.

5.     Defendant TurboSquid, Inc. is a Louisiana corporation with its principal place of business at 935 Gravier Street, Suite 1600, New Orleans, Louisiana 70112.  TurboSquid Inc. is a digital media company that sells stock 3-D models, including models of BMW Group vehicles.

### Jurisdiction and Venue

6.     This is an action arising under the patent and trademark laws of the United States, specifically Titles 35 and 15 of the United States Code, 35 U.S.C. § 271 and 15 U.S.C. § 1051 *et seq.*

7.     This Court has personal jurisdiction over Defendant because it conducts business in New Jersey.

8.     Defendant purposely availed itself of conducting activity in New Jersey by deliberately directing its merchandising and sales efforts toward residents of New Jersey through its interactive website.  Indeed, Defendant specifically sold the infringing products to New Jersey residents through its commercially interactive website.

9.     This Court has original subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; 35 U.S.C. §§ 1 *et seq.*; and 28 U.S.C. §§ 1331, 1332, and 1338.  This Court has supplemental jurisdiction over the New Jersey state claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts

10.     Venue is proper in this District under 28 U.S.C. § 1391(b), as upon information and belief, a substantial part of the events or omissions giving rise to the claims herein have been occurring in this District.

### The BMW Group's Trademarks

11.     Plaintiffs are in the business, of designing, manufacturing, distributing, servicing, and selling motor vehicles and vehicle parts and accessories, and offering promotional items

such as model car miniatures, under various trademarks, including the "BMW" word mark; Roundel logo; M-Stripes logo; X1, X3, X4, X5, X6, Z3, and Z4 marks; "MINI" word mark; "MINI COOPER" word mark; MINI Wings logo; S Design; PACEMAN word mark, JOHN COOPER WORKS design; "ROLLS-ROYCE" word mark; Flying Lady Device; and Rolls-Royce Badge ("RR Badge").  The above-mentioned design marks are illustrated respectively below:



12.     BMW NA has been the exclusive licensee and authorized user of the Roundel logo and "BMW" word mark in commerce in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

13.     BMW NA has been the exclusive licensee and authorized user of the M-Stripes logo in commerce in the United States continuously since at least as early as 1985 in connection with the sale and service of motor vehicles.

14.     The BMW Group has used its X1 mark in commerce in the United States continuously since at least as early as 2006 in connection with the sale and service of motor vehicles and assorted automotive parts.

15.     The BMW Group has used its X3 mark in commerce in the United States continuously since at least as early as 2004 in connection with the sale and service of motor vehicles and assorted automotive parts.

16.     The BMW Group has used its X4 mark in commerce in the United States continuously since at least as early as 2011 in connection with the sale and service of motor vehicles.

17.     The BMW Group has used its X5 mark in commerce in the United States continuously since at least as early as 2000 in connection with toy vehicles and other products.

18.     The BMW Group has used its X6 mark in commerce in the United States continuously since at least as early as 2005 in connection with motor vehicles, assorted automotive parts, and other products, including automobile miniatures and toy vehicles.

19.     The BMW Group has used its Z3 mark in commerce in the United States continuously since at least as early as 1997 in connection with toy vehicles and other products.

20.     The BMW Group has used its Z4 mark in commerce in the United States continuously since at least as early as 2001 in connection with the sale and service of motor vehicles and assorted automotive parts.

21.     Plaintiffs and their predecessors- in-interest have used their "MINI" and "MINI COOPER" marks and MINI Wings logo in commerce in the United States continuously since at least as early as 2002 in connection with automobiles, parts and accessories therefor, and promotional items.

22.     The BMW Group has used its S Design mark in commerce in the United States continuously since at least as early as 2004 in connection with motor vehicles and other products, including miniature toy vehicles.

23.     The BMW Group has used its PACEMAN mark in commerce in the United States continuously since at least as early as 2010 in connection with motor vehicles.

24.     The BMW Group has used its JOHN COOPER WORKS Design mark in commerce in the United States continuously since at least as early as 2005 in connection with automobiles and parts and accessories therefor.

25.     The BMW Group and its predecessors-in-interest have used the RR Badge in commerce in the United States continuously in connection with automobiles and chassis therefor since 1905.

26.     The BMW Group and its predecessors-in-interest have used the ROLLS-ROYCE mark in commerce in the United States continuously in connection with automobiles and chassis therefor since 1906.

27.     The BMW Group and its predecessors-in-interest have used the Flying Lady Device in United States commerce continuously in connection with automobiles since 1930.

28.     Since long prior to the acts of Defendant complained of herein, Plaintiffs have used the "BMW" word mark; Roundel logo; M-Stripes logo; X1, X3, X4, X5, X6, Z3, and Z4 marks; "MINI" word mark; "MINI COOPER" word mark; MINI Wings logo; S Design; PACEMAN mark, JOHN COOPER WORKS Design; "ROLLS-ROYCE" word mark; Flying Lady Device; and RR Badge in connection with their business of manufacturing and distributing motor vehicles and a variety of other products in the State of New Jersey.

29.     The BMW Group is the owner of the following U.S. Registrations for its "BMW"

word mark; Roundel logo; M-Stripes logo; X1, X3, X4, X5, X6, Z3, and Z4 marks; "MINI"

word mark; "MINI COOPER" word mark; MINI Wings logo; S Design; PACEMAN mark,

JOHN COOPER WORKS design; "ROLLS-ROYCE" word mark; Flying Lady Device; and RR

Badge:

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
| "BMW" | 611,710 | September 6, 1955 | Automobiles and motorcycles |
| "BMW" | 1,164,922 | August 11, 1981 | Motor vehicle repair and maintenance services and dealership services |
| "BMW" | 1,627,241 | September 18, 1990 | Clothing |
| "BMW" | 2,816,178 | February 24, 2004 | Floor mats for vehicles, compact disc players, non-metal key rings, metal key rings, miniature toy vehicles |
| "BMW" | 3,436,270 | May 27, 2008 | Leasing services for motor vehicles; retail and wholesale financing services for motor vehicles; credit card services; online personal banking; online customer banking services for credit card, loan, finance and lease accounts; loan services |
|  | 613,465 | October 4, 1955 | Automobiles, motorcycles and parts thereof |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 1,170,556 | September 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
|  | 1,450,212 | August 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |
|  | 2,752,258 | August 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
|  | 3,418,573 | April 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |
|  | 4,293,991 | February 26, 2013 | Automobiles, motorcycles and sports utility vehicles and their parts |

8

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 4,366,456 | July 16, 2013 | Non-medicated toiletries and perfume; metal money boxes; cutlery; mobile phones; interactive game programs; computer bags; table mats, school supply kits, wrapping paper, greeting cards, notebooks, calendars, and diaries; handbags, trunks and suitcases; belt buckles and hair accessories; fruit and vegetable extracts; coffee, tea and snack foods; beverages |
|  | 4,408,161 | September 24, 2013 | Car rental |
|  | 4,839,001 | October 27, 2015 | Repair and maintenance of vehicles |
|  | 1,438,545 | August 5, 1987 | Automobiles |
|  | 2,683,597 | February 4, 2003 | License plate frames, gear shift knobs, valve stem caps, and floor mats |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 3,526,899 | November 4, 2008 | Automobiles and parts of automobiles, including but not limited to engines, wheels, steering wheels, gear shift knobs, headrests, seats, tire valve stem caps, license plate frames, and car badges, and scale model cars |
|  | 3,569,473 | February 3, 2009 | Driver training services; education and instruction regarding vehicles and driving of vehicles |
|  | 3,767,662 | March 30, 2010 | Adhesive paper badges and stickers of paper or plastic; engines for motor vehicles; vehicles and their parts, including but not limited to badges and trim, tire valve stem caps, gear shift knobs, headrests, tire valve stem caps, and license plate frames, and scale model vehicles and components thereof |
|  | 3,767,663 | March 30, 2010 | Stickers and automobile parts, including but not limited to engines, wheels, steering wheels, headrests, license plate frames, seats, car badges, tire valve steam caps, and gear shift knobs, and scale model cars |
| X1 | 3,256,739 | June 26, 2007 | Automobiles and structural parts therefor |
| X3 | 2,867,087 | July 27, 2004 | Money clips, key rings, and license plates; passenger motor vehicles and structural parts therefor; stuffed toys and toy vehicles |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
| X4 | 4,159,738 | June 19, 2012 | Automobiles |
| X5 | 2,826,976 | March 30, 2004 | Metal key rings; mats for vehicles; toy vehicles |
| X6 | 3,335,405 | November 13, 2007 | Automobiles and structural parts therefor; automobile miniatures, toy vehicles |
| Z3 | 2,816,179 | February 24, 2004 | Metal key rings; toy vehicles |
| Z4 | 2,848,370 | June 1, 2004 | Metal key rings; floor mats for vehicles; toy vehicles |
| "MINI" | 2,746,570 | August 5, 2003 | Automobiles and structural parts therefor |
| "MINI" | 2,826,013 | March 23, 2004 | Windshield cleaning fluids; automobile cleaning kits, comprising automobile cleaners, automobile wax, buckets, wheel cleaners, brushes, and cloths |
| "MINI" | 3,507,903 | September 30, 2008 | Automobiles and automobile parts; clothing |
| "MINI COOPER" | 2,376,477 | August 15, 2000 | Automobiles and structural parts therefor |
|  | 2,757,755 | September 2, 2003 | Land vehicles, namely, automobiles; engines for land vehicles; structural parts for land vehicles; collectors' scale model vehicles; toy model vehicles sold complete or as a unit in kit form; board games; driving games, namely, electronic, battery-operated |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
|  | 2,812,820 | February 10, 2004 | Automobiles and structural parts therefor; motor oil; metal key chains; clocks, pins, jewelry, pens, backpacks, tote bags, mugs, and mats; stuffed toys; toy vehicles, miniature vehicles and remote control toy vehicles |
|  | 2,825,969 | March 23, 2004 | Windshield cleaning fluids; automobile cleaning kits, comprising automobile cleaners, automobile wax, buckets, wheel cleaners, brushes, and cloths |
|  | 2,855,714 | June 22, 2004 | Clothing, namely shirts, sweatshirts, jackets, gloves, and headwear |
|  | 2,907,546 | December 7, 2004 | Gloves; head wear, jackets; and shirts |
|  | 3,356,834 | December 18, 2007 | Organizing and conducting volunteer programs and community service projects |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 3,445,523 | June 10, 2008 | Retail and wholesale financing services for motor vehicles; financing services, namely financing the purchasing and leasing of motor vehicles; credit card services; providing credit card, loan and lease account information online; arranging of loans; lease purchase loans; providing loans; secured and unsecured commercial financing; insurance administration in the field of motor vehicle, homeowners and floorplan insurances |
|  | 3,462,517 | July 8, 2008 | Land vehicles and parts thereof; paper; cases and bags for packaging; brochures, booklets, newsletters, printed instructional and teaching materials; bags and bubble packs; books and magazines; wallets, purses, backpacks; repair and maintenance of motor vehicles; cleaning of motor vehicle; vehicle towing; automobile races; automobile owner and enthusiast clubs; driver safety training services; vehicle driving instruction |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
|  | 4,159,774 | June 19, 2012 | Perfumes and toilet waters, soaps for body care, body creams, face creams, shampoo and hair conditioner; electric toasters, electric kettles, electric coffee machines; bed sheets, fitted bed sheet covers, bed flat sheets, and pillow cases used in the bedding, towels made of textile materials |
|  | 3,004,619 | October 4, 2005 | Motor vehicles |
| PACEMAN | 4,033,478 | October 4, 2011 | Automobiles |
|  | 3,892,600 | October 5, 2010 | Parts of automobile engines; automobiles and structural parts therefore; automobile bodywork components; vehicle parts; automobile bodywork styling elements; automobile interior parts; key rings of precious metal; photographs; printed matter; clothing; scale model vehicles and structural parts therefor |
| "ROLLS-ROYCE" | 325,195 | June 11, 1935 | Automobiles and chassis |
| "ROLLS-ROYCE" | 912,848 | June 8, 1971 | Model toy cars |
| "ROLLS-ROYCE" | 3,148,743 | September 26, 2006 | Automobiles and structural parts therefor |
|  | 197,089 | April 7, 1925 | Automobiles and chassis |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
|  | 850,902 | June 18, 1968 | Automobiles |

30.    These registrations were duly and legally issued, and are valid and subsisting. Registration Nos. 611,710; 1,164,922; 1,627,241; 2,816,178; 3,436,270; 613,465; 1,170,556; 1,450,212; 2,752,258; 3,418,573; 1,438,545; 2,683,597; 3,526,899; 3,569,473; 3,256,739; 2,867,087; 2,826,976; 3,335,405; 2,816,179; 2,848,370; 2,746,570; 2,826,013; 3,507,903; 2,376,477; 2,757,755; 2,812,820; 2,825,969; 2,855,714; 2,907,546; 3,356,834; 3,445,523; 3,462,517; 3,004,619; 325,195; 912,848; 3,148,743; 197,089; and 850,902 are incontestable pursuant to 15 U.S.C. § 1065.  Copies of these registrations are attached hereto as Exhibit A.

31.    BMW AG has licensed the "BMW" mark; Roundel logo; M-Stripes logo; X1, X3, X4, X5, X6, Z3, and Z4 marks; "MINI" word mark; "MINI COOPER" word mark; MINI Wings logo; S Design; PACEMAN mark, JOHN COOPER WORKS Design and MINI Wings logo to BMW NA for use in connection with the distribution and sale of BMW and MINI products in the United States.

32.    Rolls-Royce Motor Cars NA, LLC is licensed to use the "ROLLS-ROYCE" mark, Flying Lady Device, and RR Badge in the United States by Rolls-Royce Motor Cars Limited, a subsidiary of BMW AG, in connection with the distribution and sale of Rolls-Royce products.

33.    The BMW Group distributes BMW, MINI, and Rolls-Royce vehicles and provides maintenance services for its customers through nationwide networks of authorized dealers and service providers.  The BMW Group authorizes its BMW dealerships to use the

"BMW" mark; Roundel logo; M-Stripes logo; and X1, X3, X4, X5, X6, Z3, and Z4 marks; its MINI dealerships to use the "MINI" mark, "MINI COOPER" mark, MINI Wings logo, S Design, PACEMAN mark, JOHN COOPER WORKS Design, and MINI Wings logo; and its Rolls-Royce dealerships to use the "ROLLS-ROYCE" mark, Flying Lady Device, and RR Badge in connection with the sale and/or service of BMW Group products.

34.     To create and maintain goodwill among its customers, the BMW Group has taken substantial steps to assure that all authorized BMW Group dealers and service providers using its marks are of the highest quality.

35.     Plaintiffs have expended millions of dollars in advertising efforts across the country in connection with their "BMW" mark; Roundel logo; M-Stripes logo; X1, X3, X4, X5, X6, Z3, and Z4 marks; "MINI" mark; "MINI COOPER" mark; MINI Wings logo; S Design; PACEMAN mark; JOHN COOPER WORKS Design; MINI Wings logo; "ROLLS-ROYCE" mark; Flying Lady Device; and RR Badge.  As a result of Plaintiffs' long use and promotion of these marks, and immense sales over the course of decades, Plaintiffs have established these marks as famous and/or well-known and distinctive marks among members of the American public.

### The BMW Group's Trade Dress

36.     The BMW Group has expended substantial resources in designing, manufacturing, promoting, marketing, advertising, distributing and selling its products, and has built a valuable business based on demand for its distinctively-styled products.

37.     The BMW Group owns substantial and strong common law rights in the trade dress for its products, and is also the owner of the following registrations for its trade dress:

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 3,431,482 | May 20, 2008 | Automobiles, sport utility vehicles, and light trucks |
|  | 3,431,491 | May 20, 2008 | Automobiles, sport utility vehicles, and light trucks |
|  | 3,431,492 | May 20, 2008 | Automobiles, sport utility vehicles, and light trucks |
|  | 3,431,493 | May 20, 2008 | Automobiles, sport utility vehicles, and light trucks |
|  | 3,352,085 | Dec. 11, 2007 | Automobiles and structural parts therefor; model cars; radio controlled model vehicles |
|  | 1,063,799 | April 19, 1977 | Automobiles |

38.     Copies of the BMW Group's registrations for its trade dress are attached hereto as Exhibit B.

39.    Prior to Defendant's use, the BMW Group has used the trade dress above for motor vehicles and miniatures, including 3-D models for toys, computer games, and a variety of other commercial applications.

### The BMW Group's Design Patents

40.    The BMW Group is one of the foremost manufacturers and designers of automobiles and automobile-related products in the world.

41.    BMW AG is the owner of various valid and lawfully issued United States Design Patents, including patent nos. D473,165; D639,209; D664,896; D714,190; D714,687; and D724,495.

42.    The BMW Group uses its trademarks and patented designs on miniatures, and licenses its trademarks and patented designs for use in 3-D virtual models for computer games, toys and a variety of other commercial applications.

### Defendant's Wrongful Activities

43.    Defendant is marketing 3-D virtual models of vehicles that infringe the BMW trademarks, trade dress, and design patents.

44.    In particular, Defendant markets and tags BMW-trademarked 3-D virtual models of BMW vehicles as suitable for games.

45.    Defendant is using the BMW Group's trademarks and trade dress with the intent that consumers, including but not limited to downstream customers and end user consumers, believe the models offered in connection with the BMW Group's trademarks and trade dress are from, or are affiliated, associated, sponsored or approved by the BMW Group.

46.     Defendant is offering models containing copies of the BMW Group's patented designs with the intent that ordinary observers view them as substantially similar, if not identical, to the BMW Group's patented designs.

47.     Defendant is not in the news reporting or editorial business.

48.     Defendant is marketing copies of the BMW Group's trademarks, trade dress and patented designs through the same channels of trade and advertised through the same media as the BMW Group trademarks, trade dress and patented designs are licensed or otherwise used, including computer games, toys and other applications.

49.     Targets of Defendant's efforts to market and sell these models are the same as or similar to targets of the BMW Group's sales and licensing efforts—including creators of computer games, toys and other applications.

50.     The BMW Group has sent Defendant three letters requesting that it cease and desist its unauthorized use of identical copies of the BMW Group's trademarks, trade dress, and patented designs.

51.     In response to one of the BMW Group's letters dated September 14, 2015 providing detailed information as to infringements, Defendant stated that it had "changed the BMW product descriptions" and "warned" persons who were using the BMW Group trademarks, trade dress or patented designs on Defendant's website.

52.     As of the filing of this Complaint, however, Defendant is still using the BMW Group's trademarks, trade dress, and patented designs in connection with its business.

53.     Among its unauthorized uses, Defendant has resumed its commercial use of BMW Group trademarks, trade dress and patented designs that Defendant had claimed in response to BMW Group's September 14, 2015 letter to have changed.

54.     Defendant is not affiliated with or sponsored by the BMW Group and has never been authorized by the BMW Group or any of its subsidiaries, affiliates or authorized agents to use the BMW Group trademarks, trade dress, or patented designs in any form.

55.     Defendant's unauthorized use of the BMW Group's trademarks, trade dress, and design patents in the manner described above:

(a)     is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendant's products, or as to some affiliation, connection, or association of Defendant with the BMW Group;

(b)     enables Defendant to trade off and receive the benefit of goodwill the BMW Group has built up at great labor and expense over many years, and to gain acceptance for Defendant's products not solely on their own merits, but on the reputation and goodwill of the BMW Group, its trademarks, trade dress, and its products;

(c)     unjustly enriches Defendant;

(d)     will permit Defendant to gain an unfair competitive advantage over the BMW Group; and

(d)     unlawfully removes from the BMW Group the ability to control the nature and quality of products provided under its trademarks, trade dress, and design patents, and places the goodwill and valuable reputation of the BMW Group in the hands of Defendant, over whom the BMW Group has no control.

56.     The BMW Group has been damaged and continues to be damaged by Defendant's unauthorized use of its trademarks, trade dress, and patented designs in the manner described above.

57.     Unless these acts of Defendant are restrained by this Court, they will continue to cause irreparable injury to the BMW Group and to the public for which there is no adequate remedy at law.

## FIRST COUNT
### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

58.     The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 57 herein.

59.     Defendant's unauthorized use of the BMW Group's trademarks and trade dress in connection with identical goods is likely to cause confusion, to cause mistake or to deceive as to the source, origin, sponsorship or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods originate from, or have been authorized, sponsored, approved, endorsed, or licensed by the BMW Group, or that Defendant is in some way affiliated with or sponsored by the BMW Group.

60.     The acts of Defendant complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of the BMW Group's federally registered trademarks and trade dress in connection with the sale, offering for sale, distribution and advertising of goods in violation of 15 U.S.C. § 1114(1).

61.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of the BMW Group's rights in its trademarks and trade dress and with intent to trade off the BMW Group's vast goodwill in its trademarks and trade dress.

62.     As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and the BMW Group has been injured and damaged.  Unless the foregoing

alleged actions of Defendant is enjoined, the BMW Group will continue to suffer injury and damage.

**SECOND COUNT**
**Federal Unfair Competition and False Designation of Origin**
**(Lanham Act §43(a), 15 U.S.C. § 1125(a))**

63.     The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 62 herein.

64.     Defendant's unauthorized use of the BMW Group's trademarks and trade dress falsely indicates that Defendant and its goods are connected with, sponsored by, affiliated with or related to the BMW Group.

65.     Defendant's unauthorized use of the BMW Group's trademarks and trade dress in connection with their goods allows Defendant to receive the benefit of the BMW Group's goodwill, which the BMW Group has established at great labor and expense, and further allows Defendant to gain acceptance of their goods, based not on their own qualities, but on the reputation and goodwill of the BMW Group.

66.     The BMW Group has not authorized, licensed or otherwise condoned or consented to Defendant's use of the BMW Group's trademarks or trade dress.

67.     The acts of Defendant complained of herein constitute unfair competition, trademark and trade dress infringement, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of the BMW Group's rights in its trademarks and trade dress and with intent to trade off the BMW Group's vast goodwill in its trademarks and trade dress.

69.     As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and the BMW Group has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, the BMW Group will continue to suffer injury and damage.

**THIRD COUNT**
**Contributory Trademark Infringement**
**(Lanham Act § 32, 15 U.S.C. § 1114(1))**

70.     The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 69 herein.

71.     The BMW Group has sent Defendant three letters –including BMW Group's letter of September 14, 2015--providing specific notice of BMW Group's rights and Defendant's infringements, and requesting that it cease and desist its unauthorized use of identical copies of the BMW Group's trademarks  and  trade dress.

72.     In response to BMW Group's September 14, 2015 letter, Defendant wrote that it has "changed the BMW product descriptions" and "warned" persons who were using BMW trademarks, trade dress or patented designs on Defendant's website.  Yet, Defendant still allowed infringing listings to remain posted.

73.     On January 19, 2016, Defendant "acknowledged [BMW's] rights" in writing.

74.     Nevertheless, Defendant continues to offer and has resumed offering identical copies of the BMW Group's trademarks and trade dress—including copies which BMW Group previously identified to Defendant as infringements and which Defendant had stated it would "change" and "warn" against.

75.      Defendant is continuing to distribute and supply services and goods to others, including customers John Doe 1, 2, and additional unknown others whom Plaintiffs reserve the right to move to amend this pleading to add as parties to this case, subject to identifying same

during pretrial discovery proceedings, whom it knows or has reason to know is engaging in trademark infringement of BMW Group's trademarks and trade dress, and/or has induced others to infringe BMW Group's trademarks and trade dress.  Defendant has failed to take reasonable precautions against the infringing conduct of others, especially where it has control over infringement of BMW Group's trademarks and trade dress.

76.     Defendant is contributorily infringing BMW Group's trademarks and trade dress.

77.     This infringement is harming BMW Group—including but not limited to loss of licensing revenues and removing BMW's trademarks and trade dress from its control.

78.     Defendant is responsible for the harm done as a result of this deceit.

79.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of the BMW Group's rights in its trademarks and trade dress and with intent to trade off the BMW Group's vast goodwill in its trademarks and trade dress.

80.     As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and the BMW Group has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, the BMW Group will continue to suffer injury and damage.

### FOURTH COUNT
### Unfair Competition
### (New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 *et seq.*)

81.     The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 80 herein.

82.     The acts of Defendant complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 *et seq.*, as Defendant has misappropriated the BMW Group's trademarks, trade dress, and patented designs for its own use.

83.    As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and the BMW Group has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, the BMW Group will continue to suffer injury and damage.

**FIFTH COUNT**
**Trademark Infringement and Unfair Competition**
**(Common Law of New Jersey)**

84.    The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 83 herein.

85.    The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of New Jersey.

86.    Defendant's unauthorized use of the infringing trademarks and trade dress as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective products and services.

87.    Defendant, with full knowledge of the BMW Group's rights in its trademarks and trade dress, and of the valuable goodwill associated therewith, has committed the acts alleged herein willfully, with the intent to trade off, or in complete disregard of, the BMW Group's goodwill and the goodwill associated with the BMW Group's trademarks and trade dress.

88.    The acts of Defendant complained of herein constitute trademark and trade dress infringement in violation of the common law of New Jersey.

89.    Defendant's unauthorized use of the infringing trademarks and trade dress as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair the BMW Group's reputation under its trademarks and trade dress and has caused, is

causing and, unless enjoined by this Court, will continue to cause injury and damage to the BMW Group for which the BMW Group is entitled to relief under the common law.

90.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of the BMW Group's rights in its trademarks and trade dress and with intent to trade off the BMW Groups vast goodwill in its trademarks and trade dress.

**SIXTH COUNT**
**Unjust Enrichment**
**(Common Law of New Jersey)**

91.     The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 90 herein.

92.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant because Defendant is making use of, and profiting from, Plaintiffs' proprietary trademarks, trade dress, and patented designs without permission from Plaintiffs.

93.     As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and the BMW Group has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, the BMW Group will continue to suffer injury and damage.

**SEVENTH COUNT**
**(Design Patent Infringement of U.S. Design Patent No. D473,165**
**under 35 U.S.C. § 271)**

94.     The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 93 herein.

95.     BMW AG owns all right, title and interest to the D473,165 patent.  A copy of BMW AG's registration for this patent is attached hereto as Exhibit C-1.

96.     Defendant uses, sells, offers for sale and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '165 patent.  A list of links to infringing products is attached hereto as Exhibit C-2.

97.     The products linked in Exhibit C-2 use substantially the same design claimed in the '165 patent.

98.     Defendant has deliberately copied and/or reproduced the designs claimed in the '165 patent.

99.     Defendant has infringed the '165 patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused BMW AG to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  BMW AG is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

100.    BMW AG is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  BMW AG is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284w.

### EIGHTH COUNT
### (Design Patent Infringement of U.S. Design Patent No. D639,209 under 35 U.S.C. § 271)

101.    The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 100 herein.

102.    BMW AG owns all right, title and interest to the D639,209 patent.  A copy of BMW AG's registration for this patent is attached hereto as Exhibit D-1.

103.    Defendant uses, sells, offers for sale and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design

claimed in the '209 patent.  A list of links to infringing products is attached hereto as Exhibit D-2.

106. 104.    The products linked in Exhibit D-2 use substantially the same design claimed in the '209 patent.

105.    Defendant has deliberately copied and/or reproduced the designs claimed in the '209 patent.

106.    Defendant has infringed the '209 patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused BMW AG to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  BMW AG is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

107.    BMW AG is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  BMW AG is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284w.

**NINTH COUNT**
**(Design Patent Infringement of U.S. Design Patent No. D664,896**
**under 35 U.S.C. § 271)**

108.    The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 107 herein.

109.    BMW AG owns all right, title and interest to the D664,896 patent.  A copy of BMW AG's registration for this patent is attached hereto as Exhibit E-1.

110.    Defendant uses, sells, offers for sale and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '896 patent.  A list of links to infringing products is attached hereto as Exhibit E-2.

111.    The products linked in Exhibit E-2 use substantially the same design claimed in the '896 patent.

112.    Defendant has deliberately copied and/or reproduced the designs claimed in the '896 patent.

113.    Defendant has infringed the '896 patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused BMW AG to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  BMW AG is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

114.    BMW AG is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  BMW AG is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284w.

**TENTH COUNT**
**(Design Patent Infringement of U.S. Design Patent No. D714,190**
**under 35 U.S.C. § 271)**

115.    The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 114 herein.

116.    BMW AG owns all right, title and interest to the D714,190 patent.  A copy of BMW AG's registration for this patent is attached hereto as Exhibit F-1.

117.    Defendant uses, sells, offers for sale and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '190 patent.  A list of links to infringing products is attached hereto as Exhibit F-2.

118.    The products linked in Exhibit F-2 use substantially the same design claimed in the '190 patent.

119.    Defendant has deliberately copied and/or reproduced the designs claimed in the '190 patent.

120.    Defendant has infringed the '190 patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused BMW AG to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  BMW AG is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

121.    BMW AG is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  BMW AG is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284w.

**ELEVENTH COUNT**
**(Design Patent Infringement of U.S. Design Patent No. D714,687**
**under 35 U.S.C. § 271)**

122.    The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 121 herein.

123.    BMW AG owns all right, title and interest to the D714,687 patent.  A copy of BMW AG's registration for this patent is attached hereto as Exhibit G-1.

124.    Defendant uses, sells, offers for sale and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '687 patent.  A list of links to infringing products is attached hereto as Exhibit G-2.

125.    The products linked in Exhibit G-2 use substantially the same design claimed in the '687 patent.

126.    Defendant has deliberately copied and/or reproduced the designs claimed in the '687 patent.

127.    Defendant has infringed the '687 patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused BMW AG to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  BMW AG is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

128.    BMW AG is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  BMW AG is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284w.

**TWELFTH COUNT**
**(Design Patent Infringement of U.S. Design Patent No. D724,495**
**under 35 U.S.C. § 271)**

129.    The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 128 herein.

130.    BMW AG owns all right, title and interest to the D724,495 patent.  A copy of BMW AG's registration for this patent is attached hereto as Exhibit H-1.

131.    Defendant uses, sells, offers for sale and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '495 patent.  A list of links to infringing products is attached hereto as Exhibit H-2.

132.    The products linked in Exhibit H-2 use substantially the same design claimed in the '495 patent.

133.    Defendant has deliberately copied and/or reproduced the designs claimed in the '495 patent.

134.    Defendant has infringed the '495 patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused

BMW AG to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  BMW AG is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

135.    BMW AG is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  BMW AG is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284w.

### Prayer for Relief

**WHEREFORE**, the BMW Group prays that:

1.    Judgment be entered for the BMW Group on its claims;

2.    Defendant, its agents, distributors, suppliers, business partners, related companies, servants, employees, attorneys, successors, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

(a)    further infringing the BMW Group patents by manufacturing, using, offering for sale and/or selling any products that incorporate the designs claimed in the D473,165; D639,209; D664,896; D714,190; D714,687; and D724,495 patents;

(b)    using the BMW Group trade dress, or any similar trade dress;

(c)    making trademark use of the BMW Group trademarks, or any colorable imitations thereof, either alone or as part of any designs;

(d)    doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or its products, emanate from, or are connected with, sponsored by or approved by the BMW Group; and

(e)    engaging in any other activity constituting unfair competition with the BMW Group, or constituting an infringement of the BMW Group's rights in and to the BMW Group trademarks or trade dress.

3.      An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to the BMW Group and increased as the Court finds to be just under the circumstances of this case.

4.      Defendant be required to pay:

(a)     in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. §1117(a) and (b) and 35 U.S.C. § 284 an award of treble Plaintiffs' actual damages and Defendant's profits, together with profits resulting from sales by Defendant relating to its aforesaid trademark and trade dress infringement, unfair competition, and design patent infringement; and

(b)     The BMW Group's reasonable attorneys' fees and costs of this action.

5.      Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendant as a result of its wrongful conduct pursuant to 35 U.S.C. § 289 and 15 U.S.C. § 1117.

6.      Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver the BMW Group for destruction all labels, signs, prints, packages, bottles, receptacles, containers, and advertisements in Defendant's possession or control bearing the BMW Group's trademarks or trade dress.

7.      Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon the BMW Group, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

8.      The BMW Group recover such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

The BMW Group demands a trial by jury for all issues so triable as a matter of right.


Date:  May 3, 2016                    Respectfully submitted,

                                      **SAIBER LLC**
                                      Attorneys for Plaintiffs

                                       /s Arnold B. Calmann
                                      Arnold B. Calmann (abc@saiber.com)
                                      Jakob B. Halpern (jbh@saiber.com)
                                      One Gateway Center, Suite 1000
                                      Newark, N.J. 07102
                                      Telephone:  (973) 622-3333
                                      Facsimile:  (973) 622-3349


                                      John G. Froemming (jfroemming@jonesday.com)
                                      Tracy A. Stitt (tastitt@jonesday.com)
                                      **JONES DAY**
                                      51 Louisiana Avenue, N.W.
                                      Washington, D.C.  20001-2113
                                      Telephone:  (202) 879-3939
                                      Facsimile:  (202) 626-1700

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Under Local Civil Rule 11.2, the undersigned counsel for Plaintiffs hereby certifies that this matter is not the subject of any other action asserted by Plaintiffs herein in any court, or of any pending arbitration or administrative proceeding.

Dated:  May 3, 2016                                **SAIBER LLC**
                                                                   Attorneys for Plaintiffs

                                                                   s/ Arnold B. Calmann
                                                                   Arnold B. Calmann (abc@saiber.com)
                                                                   Jakob B. Halpern (jbh@saiber.com)
                                                                   One Gateway Center, Suite 1000
                                                                   Newark, NJ  07102
                                                                   Telephone:  (973) 622-3333
                                                                   Facsimile:  (973) 622-3349

                                                                   John G. Froemming (jfroemming@jonesday.com)
                                                                   Tracy A. Stitt (tastitt@jonesday.com)
                                                                   **JONES DAY**
                                                                   51 Louisiana Avenue, N.W.
                                                                   Washington, D.C. 20001-2113
                                                                   Telephone:  (202) 879-3939
                                                                   Facsimile:  (202) 626-1700

## <u>LOCAL CIVIL RULE 201.1 CERTIFICATION</u>

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiffs hereby certifies that they seek both monetary damages greater than $150,000 and injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated:  May 3, 2016

**SAIBER LLC**
Attorneys for Plaintiffs

<u>s/ Arnold B. Calmann</u>
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
One Gateway Center, Suite 1000
Newark, NJ  07102
Telephone:  (973) 622-3333
Facsimile:  (973) 622-3349

John G. Froemming (jfroemming@jonesday.com)
Tracy A. Stitt (tastitt@jonesday.com)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700